THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LIFE INSURANCE COMPANY<br>OF NORTH AMERICA ) | Case No. | 2:15-CV-00505-DS |
| Plaintiff, ) | | |
| vs. ) | MEMORANDUM DECISION<br>AND ORDER | |
| JANET WAGNER and CONRAD<br>TRUMAN, ) | | |
| ) | | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Cross-claim Defendant Conrad Truman ("Truman"), as a participant in ICU Medical, Inc.'s ERISA-governed employee benefit plan, elected life insurance coverage for his now deceased wife Heidy Truman. On October 1, 2012, Heidy Truman died from a gunshot wound to the head she suffered on September 30, 2012.

Truman, who was the primary beneficiary under a Group Life Policy with an alleged benefit of $20,000 and a Group Accidental Death and Dismemberment Policy with an alleged benefit of $100,000, filed a claim for benefits. Janet Wagner ("Wagner"), the surviving mother of Heidy Truman, also filed a claim for the same benefits.

On October 22, 2014, in Utah's Fourth Judicial District Court Truman was found guilty of murdering his wife.

Plaintiff Life Insurance Company of North America ("LINA") provided the life insurance at issue and filed this Complaint for Interpleader. Wagner has filed a cross-claim

against Truman claiming, among other things, that she is entitled to the interpled insurance proceeds because Truman committed a disqualifying homicide under Utah Probate Code § 75-2-803.

Before the Court is the Motion to Deposit Funds (Doc. #21) filed by Plaintiff LINA. Under Rules 22 and 67 of the Federal Rules of Civil Procedure, Plaintiff moves "for leave to deposit life insurance proceeds into the Registry of the Court, for discharge and dismissal with prejudice, and for attorney fees and costs". Mot. at 1.

## II DISCUSSION

"Interpleader is a form of joinder open to one who does not know to which of several claimants it is liable." *Amoco Prod. Co. v. Aspen Group*, 59 F. Supp 2d 1112, 1114 (D. Colo 1999)(citing *General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir.1977). Interpleader actions typically involve two steps. First, the court must determine the right of the party invoking the interpleader remedy to require the competing claimants to litigate their dispute in one proceeding. Second, assuming the interpleader action is properly brought, the court will determine the respective rights of the claimants to the state. *See e.g. United States v. High Tech Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007); *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999), *cert. denied*, 531 U.S. 924 (2000)..

Based on the record, the Court finds that it has jurisdiction over this matter based on diversity of citizenship because LINA is a Pennsylvania corporation and Truman and Wagner reside in Utah, and because the jurisdictional monetary amount is satisfied.[1]

---

[1] *See* Memorandum Decision and Order addressing Cross-Claim Defendant Truman's Motion to Dismiss Wagner's Cross-Claim filed this same date for further discussion of the Court's jurisdiction.

The Court also finds that LINA is unable to determine the proper beneficiary under the terms of the Policies and is threatened with double or multiple liability because both Truman and Wagner have claimed entitlement to the policy proceeds.

LINA's entitlement to reasonable attorneys' fees under the law is undisputed. LINA is directed to provide the Court with appropriate affidavits and other documentation supporting the reasonableness of the amount claimed.

## ORDER

WHEREFORE, the Court GRANTS LINA's motion and ORDERS as follows:

(1) LINA shall deposit the life insurance proceeds at issue, as well as applicable interest, with the Clerk of the Court;

(2) LINA is discharged from any further liability concerning the proceeds of the Policies at issue upon payment of the life insurance proceeds and interest into the registry of the Court;

(3) LINA is dismissed with prejudice from this action upon payment of the life insurance proceeds and interest into the registry of the Court;

(4) within fourteen days of this Order, LINA shall file appropriate documentation supporting any claim for cost and the reasonableness of attorney's fees claimed, after which upon further order of the Court and prior to depositing the life insurance proceeds

into the registry of the Court, LINA may deduct from those proceeds its approved costs and fees incurred in pursuing this action. .

Dated this 14th day of April, 2016

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT