THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) | Case No.   2:15-CV-00505-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| JANET WAGNER AND CONRAD TRUMAN, | ) | |
| | ) | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Cross-claim Defendant Conrad Truman ("Truman"), as a participant in ICU Medical, Inc.'s ERISA-governed employee benefit plan, elected life insurance coverage for his now deceased wife Heidy Truman.  On October 1, 2012, Heidy Truman died from a gunshot wound to the head she suffered on September 30, 2012.

Truman, who was the primary beneficiary under a Group Life Policy with an alleged benefit of $20,000 and a Group Accidental Death and Dismemberment Policy with an alleged benefit of $100,000,  filed a claim for benefits.  Janet Wagner ("Wagner"), the surviving mother of Heidy Truman, also filed a claim for the same benefits.

On October 22, 2014, in Utah's Fourth Judicial District Court Truman was found guilty of murdering his wife.

Plaintiff Life Insurance Company of North America ("LINA") provided the life insurance at issue and filed this Complaint for Interpleader. Under Rules 22 and 67 of the Federal Rules of Civil Procedure, Plaintiff has moved and been granted leave to deposit life insurance proceeds into the Registry of the Court and for discharge and dismissal.

Wagner has filed a cross-claim against Truman claiming, among other things, that she is entitled to the interpled insurance proceeds because Truman committed a disqualifying homicide under Utah Probate Code § 75-2-803.

Pending before the court is Truman's Motion to Dismiss Wagner's Cross-Claim (Doc. # 15).

## II. DISCUSSION

### A. Probate Exception

Truman first contends that Wagner's cross-claim falls within an exception to federal diversity jurisdiction for cases involving probate or matters ancillary to probate because her claim goes beyond asserting entitlement to interpled insurance proceeds and "seeks relief from this Court that goes to the very heart of the state probate case." Mot. & Mem. Supp. at 5. Truman moves to dismiss the cross-claim filed by Janet Wagner for lack of subject matter jurisdiction urging that the cross-claim fits within the probate exception to diversity jurisdiction.

Wagner contends that this interpleader action is a federal question case and not a diversity case and the probate exception to federal diversity jurisdiction is not applicable to federal question cases. *Glickstein v. Sun Bank/Miami*, 922 F.2d 666 (11th Cir. 1991), *abrogated in part on other grounds*, Saxton v. ACF Industries, Inc., 254 F.3d 959 (11th Cir. 2001). Wagner further asserts that even if this case were brought under diversity

jurisdiction, the probate exception is inapplicable where the assets at issue are not in the control of the probate court. *Id*. 673 (probate exception is inapplicable, for among other reasons, "the assets at issue in this case are in the control of the defendants rather than the probate court.").

Truman replies that "while cases concerning entitlement to ERISA--governed life--insurance policies may raise a federal question, not all do", and "where, as here, the primary question before the Court is one of state law, there is no federal question and therefore no federal-question jurisdiction." Reply at 2.

Because the Court is not satisfied that the federal question--probate exception issue has been fully developed by the parties, and because the result in this case appears to be the same regardless of whether the Court analyzes the probate exception under federal question or diversity jurisdiction, the Court elects to proceed under the latter.[1] From the record, the Court concludes that it has subject matter jurisdiction over this interpleader

---

[1] Truman asserts that "the Court lacks federal–question jurisdiction and has jurisdiction, if at all, only by virtue of the diversity of the parties." Reply at 3.

action based on diversity of citizenship.[2] To determine whether the probate exception is applicable, the Court looks to *Markham v. Allen*, 326 U.S. 490, 494 (1946), which describes a probate exception of limited scope.

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, ... it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to *interfere* with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

Id. (emphasis added). "The [*Markham*] Court observed that federal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, 'so long as the federal court does not *interfere with the probate proceedings*.'" *Marshall v. Marshall*, 547 U.S. 293, 310-311 (2006)(emphasis in original)(quoting *Markham*, 326 U.S. at 494)..

---

[2]See *UNUM Life Ins. Co. of America v. Rankin et al*, No. 1:15-cv-156-P-BL, 2015 WL 9920800, at *1, (N.D. Texas, Nov. 20, 2015), Report and Recommendation Adopted, 2016 WL 302343 (N.D. Texas, Jan, 25, 2016).
>  (Rule 22 provides, in pertinent part: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "Subject-matter jurisdiction in suits brought under Rule 22(1) is based on the general federal-question and diversity-of-citizenship jurisdiction grants found in the United States Code. In diversity-of-citizenship cases this means that the amount in controversy must exceed $75,000, exclusive of interest and costs, and that it is plaintiff-stakeholder's citizenship that must be diverse from that of the claimants." Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1703 (3d ed.)(citation omitted)).

See also *Transamerica Life Ins. Co. v. Talley*, No. 14-cv-01412-PAB-CBS, 2015 WL 5093206 (D. Colo., August 31, 2015)(discussing diversity of citizenship in Rule 22 interpleader). Diversity exists. LINA is a Pennsylvania corporation. Truman and Wagner reside in Utah. Based on the Felonious Assault and Violent Crime Benefit provision of the AD&D policy, it appears that the jurisdictional monetary amount is satisfied.

Because lower courts struggled over the meaning of the interference language, the Supreme Court later clarified itself.

> [W]e comprehend the "interference" language in *Markham* as essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. ... Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall*, 547 U.S. at 311-12.

Because the insurance proceeds are not in the custody of a state probate court, the Court reads *Markham*, as well as *Marshall's* narrow definition of "interference", as permitting Wagner's federal pursuit of the interpled insurance proceeds. . As Wagner notes, her cross-claim seeks a ruling that Truman committed a disqualifying homicide in the context of determining her rights to the insurance proceeds. There is no will at issue. The court is not being asked to administer the estate.[3] And the probate court does not have custody of the insurance proceeds.[4] Therefore, Truman's position that the probate exception bars federal jurisdiction is rejected.

---

[3] *See Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006)(noting that a breach of fiduciary duty claim accusing the guardians of mismanaging an estate "does not ask the court ... to administer the estate").

[4] *See Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007)("where exercise of federal jurisdiction will result in a judgment that does not dispose of property in the custody of a state probate court, even thought the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction").

### C. Abstention

As an alternative position, Truman urges the Court to abstain from exercising jurisdiction under one or the other of two abstention doctrines.

#### 1. *Younger* Abstention Doctrine

Truman first asserts that the Court should abstain from exercising jurisdiction under the *Younger* abstention doctrine. The Younger abstention doctrine derives from *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* originally sought to prevent federal courts, sitting in equity, from enjoining state prosecution of criminal defendants. Through a series of cases, the United States Supreme Court expanded the Younger doctrine to state civil enforcement cases, and administrative agency proceedings." *Brown v. Day*, 555 F.3d 882, 889-890 (10th Cir. 2009). The Tenth Circuit explains the *Younger* abstention doctrine as follows:

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* 555 F.3d at 887 (internal quotation marks omitted)(citing *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). "Critically, this court must keep in mind that abstention is the exception, not the rule, and hence should be rarely ... invoked, because the federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." *Brown*, 555 F. 3d at 888 (internal quotation marks and citation omitted).

6

Because the state court does not have custody over the interpled funds, there is not an ongoing state proceeding regarding that property. Likewise, because the state has no control of the interpled funds, the state court is not an adequate forum to hear the claims raised in the federal complaint. Lastly, the Court is not persuaded by Truman's position that the policies involved in this interpleader action are such that abstention is warranted.

### 2. *Colorado River* Abstention Doctrine

"[A]voidance of duplicative litigation – is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir.2013), *cert. denied*, 133 S. Ct. 2831 (2013). Application of the doctrine arises only in exceptional circumstances. *Id.* The Supreme Court in *Colorado River* identified four factors to consider in determining whether the doctrine should be invoked. "These four factors are: (1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *D.A. Osguthorpe Family Partnership*, 705 F.3d at 1234 (quoting *Colorado River*, 424 U.S. at 818)(internal quotation marks omitted). In *Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1 (1983), the Supreme Court "supplemented its original *Colorado River* framework with additional factors for courts to weigh when deciding the appropriateness of abstention [:] .... whether federal law provides the rule of decision on the merits, and whether the state-court proceedings adequately protect the litigants' rights". *D.A. Osguthorpe*, 705 F.3d at 1235 (internal quotation marks and citations omitted)( quoting *Moses H. Cone*, 460 U.S. at 23, 26-27).

The Court agrees with Wagner that the Colorado River Doctrine is inapplicable. There is no duplicative or parallel litigation because the state court does not have custody of the interpled insurance proceeds. However, even if the doctrine were applicable, after considering the foregoing factors, the Court concludes that abstention is not warranted. The state court does not have jurisdiction over the insurance proceeds. There has been no satisfactory showing that the federal forum is inconvenient or that hearing this interpleader action and accompanying cross-claim will result in piecemeal litigation. The state probate action seeking appointment of a special administrator and this interpleader action are not concurrent cases and the order of when jurisdiction was obtained is not determinative. The Court acknowledges that Utah law will be referenced in determining the rights of the parties. This lone factor, however, does not warrant the Court's abstention from hearing this matter. The final consideration is not determinative because, as Wagner notes, her rights would only be protected in the state court proceedings if the state court had custody over the interpled funds, which it does not.

### D. Requirement of a Short Plain Statement

As his final alternative position, Truman urges the Court to dismiss Wagner's cross-claim for failure to adhere to the requirement of a short plain statement of grounds for relief. Wagner's cross-claim contains over 70 paragraphs of factual allegations. Truman states his concern with the inclusion of so many non-essential factual allegations as follows.

> If allowed, it would amount to the equivalent of granting Wagner the chance to issue to Truman requests for admissions on over 70 paragraphs worth of details, well before the commencement of fact discovery. This is so because, as with a request for admission, a party is not free to merely

> decline responding to an allegation in a pleading. Rather, according to the applicable rule, a responding party must admit or deny each allegation. *See* Fed. R. Civ. P. 8(b)(1)(B) ("[A] party must ... admit or deny the allegations asserted against it by an opposing party."). Wagner's inclusion of overly detailed factual allegations in a pleading are all the more troubling when one remembers that a person fighting criminal charges, as Truman is, has a right against self-incrimination.

Mot. & Mem. Supp. at 10-11.

Rule 8(a) requires that a "claim for relief must contain .... "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). "What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Labs*, 630 F.2d 1383, 1387 (10th Cir. 1980)(internal quotation marks and citation omitted). Both parties concede that the protection of the Fifth Amendment does not extend to responding to factual allegations in a civil complaint. Because of that, the Court is concerned about the many non-essential factual allegations contained in the cross-claim. The Court agrees with Truman that Wagner's cross-claim may be viewed as running afoul of Rule 8. However, the Court sees no need to dismiss the cross-claim inasmuch as Truman seeks dismissal with leave to amend, and given Wagner's willingness to amend her cross-claim should the Court have concerns about the detail of her pleading. Wagner, therefore, is directed to file an amended cross-claim that fully complies with Rule 8 within thirty days of this Memorandum Decision and Order.

### III.  CONCLUSION

For the reasons stated, Truman's Motion to Dismiss Cross-Claim (Doc. # 15) is denied, with the exception that the Court will require Wagner to file an amended cross-claim that complies with Rule 8. Accordingly, Wagner is instructed to file an amended

cross-claim that fully complies with Federal Rule of Civil Procedure 8 within thirty days of this Memorandum Decision and Order.

    IT IS SO ORDERED.

        Dated this 14th day of April , 2016

                BY THE COURT:

                _____
                DAVID SAM
                SENIOR JUDGE
                UNITED STATES DISTRICT COURT