THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA ) | Case No. | 2:15-CV-00505-DS |
| Plaintiff,           ) | | |
| vs.       ) | MEMORANDUM DECISION AND ORDER | |
| JANET WAGNER and CONRAD TRUMAN,             ) | | |
| ) Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Life Insurance Company of North America ("LINA") provided the life insurance at issue in this matter and filed a Complaint for Interpleader asserting that it does not know to which of several claimants it is liable and thereby joining those claimants in the litigation. By Order dated April 14, 2016, the Court granted LINA's Motion (Doc. #21) "for leave to deposit life insurance proceeds into the Registry of the Court, for discharge and dismissal with prejudice, and for attorney fees and costs". Mot. at 1. In that Order LINA was directed to provide the Court with appropriate affidavits and other documentation supporting the reasonableness of the amount claimed.

## II DISCUSSION

LINA claims fees of $13,008 and costs of $415. LINA's entitlement to reasonable attorneys' fees and costs is undisputed by the parties and provided for under law.[1]

---

[1] *See* case authority cited in Motion to Deposit Funds, Be Dismissed, and Recover Attorney Fees (Doc. #21) at 6.

"'A court will generally determine what fee is reasonable by first calculating the lodestar -the total number of hours reasonably expended multiplied by a reasonable hourly rate- and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome.'" *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)(quoting *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)).

### A. Reasonable Hourly Rate

LINA claims that the regular and normal hourly rate for Reid, Collis and Casey is $300, $250, and $190 respectively. "To determine what constitutes a reasonable rate, the district court considers the 'prevailing market rate in the relevant community.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir.2006)(quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state attorney possess, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Id.* at 2225 (citations and internal quotations marks omitted).

The hourly rate requested has not been challenged and the Court finds the request in line with that charged by attorneys in the local community.

### B. Reasonable Hours

Other than to suggest that the requested fees seem a little high, the total hours for which Plaintiff's counsel seek to be paid has not been challenged by Defendants.[2] After carefully reviewing LINA's documentation in support of its fee request, the Court is of the

---

[2] *See* Wagner's Opposition Memorandum to LINA's Motion to Deposit Funds, Be Dismissed, and Recover Attorney Fees (Doc. #23) at 3, and Truman's Opposition Memorandum (Doc. #24) at 1.

opinion that 30 plus hours (out of a total of 55.5 hours) billed by Mr. Collis related to drafting the Interpleader Complaint is slightly more than typically would be required to produce that work product.   LINA, however, states that although it incurred  $14,905 in fees and costs, it is requesting only $13,423.  That amount breaks down to $13,008 for fees and $415 for costs.  It is not entirely clear to the Court how LINA arrived at the final requested fee amount, but it appears likely that the hours of Mr. Collis were trimmed by 5.928 hours or  $1,482.  That reduction,  which represents slightly more than a 10% discount,  is a sufficient adjustment to  the hours of Mr. Collis to satisfy the Court that the final fee attributed to him is reasonable.  Accordingly,  no further reduction is warranted.

### C.  Final Lodestar Amount

Based on the record and for the reasons stated, the Court finds that a reasonable attorney fee for each of Claimant's counsel is as follows:

|  | hours | rate | amount |
|---|---|---|---|
| Steven T. Collis | 49.572 | $250 | $12,393 |
| Darren G. Reid | 1.1 | $300 | 330 |
| Patti Casey | 1.5 | $190 | 285 |
|  |  | **Total Fees** | **$13.008** |

### D.  Costs

Documented  costs reasonably incurred  **total $415.**

.                                          **III.  CONCLUSION**

For the reasons set forth above, LINA is entitled to its reasonable attorney fees in the amount of **$13,008** and costs in the amount of  **$415** for a total of **$13,423**.  Prior to

depositing the life insurance proceeds into the registry of the Court, LINA may deduct from those proceeds its approved costs and fees incurred in pursuing this action in the amount of $**13,423.**

    **IT IS SO ORDERED.**. .

    Dated this 19th day of May, 2016

                BY THE COURT:

                 _____
                 DAVID SAM
                 SENIOR JUDGE
                 UNITED STATES DISTRICT COURT